UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD B. EADIE,

      **Plaintiff,**

v.                                 **Case No: 5:13-cv-456-Oc-GKS-PRL**

COMMISSIONER OF SOCIAL
SECURITY

      **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

      This case is before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIB").  The Court has reviewed the record, the memoranda, and the applicable law.  For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED.**

### I.   Procedural History and Summary of the ALJ's Decision

      In October 2010, Plaintiff filed an application for Disability Insurance Benefits alleging an onset of disability as of May 24, 2010.  (Tr. 40, 173-79).  His application was denied initially, and upon reconsideration.  Following a hearing before an Administrative Law Judge (ALJ) on January 4, 2012, (Tr. 55-88), the ALJ issued an unfavorable decision on February 24, 2012.  (Tr. 37-54).  The Appeals Council denied Plaintiff's request for review, and the ALJ's decision dated February 24, 2012 became the final decision subject to review under 42 U.S.C. § 405(g).  (Tr. 1).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

At the time of the ALJ's decision, Plaintiff was fifty-four (54) years of age.   (Tr. 59). Plaintiff has a high-school education, and prior work experience as a warehouse district manager for a newspaper.   (Tr. 59-60).

The ALJ determined that Plaintiff had the following severe impairments:   seizure disorder, degenerative disc disease of the cervical and lumbar spines, obesity, osteoarthritis and tendinitis/tear of the left shoulder, and hypertension.   (Tr. 42).   The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work, with the following limitations: no climbing of ladders/ropes/scaffoldings, overhead work, or constant neck movement; occasional stooping and crouching; no working at heights or dangerous moving machinery; no driving as part of job.   (Tr. 43).

Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform unskilled light jobs that exist in significant numbers in the national economy, such as Assembler of Small Products, or Cleaner in Motels or Hotels.   (Tr. 49).   Accordingly, the ALJ determined that Plaintiff was not disabled.   (Tr. 49).

## II.  Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. §404.1520.   The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III.  Argument on Appeal

Plaintiff raises a single argument on appeal.   Plaintiff argues that the ALJ failed to inquire into the Plaintiff's ability to sit, stand, walk, lift and carry, and therefore, failed to fully and fairly develop the record.   Plaintiff argues that the ALJ erred by failing to question Plaintiff regarding his ability to sit, stand, walk, lift, and carry over the course of an eight hour day, five days per week.   Plaintiff contends the ALJ lacked a basis upon which to establish a residual functional

capacity.   (Doc. 16, p. 11).

In response, Defendant contends that the ALJ's decision and RFC determination is supported by substantial evidence in the record.   *See Dyer v. Barnhart,* 395 F.3d at 211.   For the reasons explained below*,* the Court agrees.

The ALJ properly developed the record concerning Plaintiff's functional abilities.   The ALJ accurately noted that Plaintiff testified he could sit for one hour, drive for 20 to 45 minutes, and lift five to ten pounds.   (Tr. 44, 77-79).   Likewise, the ALJ noted that, in a consultative examination with Dr. Choksi, Plaintiff reported that he could sit and stand for approximately one hour and walk for approximately one-half mile.   (Tr. 45, 329).   Defendant contends that the ALJ thus properly developed the record regarding his allegations regarding his functional abilities.

As evidenced by the ALJ's decision, she weighed Plaintiff's complaints against the other record evidence, and found Plaintiff lacked credibility regarding his subjective complaints.   First, the ALJ accurately noted that Plaintiff's treatment records did not establish significant limitations. (Tr. 46).   Dr. Choksi noted that Plaintiff had normal grip strength, motor strength, and a normal gait.   (Tr. 45-46).   Plaintiff was able to squat and heel-to-toe walk.   (Tr. 46).   The ALJ noted that Plaintiff's back pain had been treated conservatively, and without surgery.   (Tr. 46).   The ALJ noted "the lack of significant findings by the consultative examination."   The ALJ stated, "the record does not reflect a neurological deficit in strength or sensation and there has been no surgery."   (Tr. 46)   *See Belle v. Barnhart,* 129 F. App'x 558, 559-60 (11th Cir. 2005) (holding that substantial evidence supported ALJ's finding that claimant's hypertension was not disabling, in part because he had no neurological deficits."   *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Finally, the ALJ also noted the claimant's own testimony regarding his daily activities,

which were not as limited as one would expect given his complaints.   (Tr. 47, 63-71).   Indeed, Plaintiff's testimony at the hearing on January 4, 2012 is consistent with the ALJ's RFC determination.   He testified he is capable living alone, driving in the mornings, using a computer, taking care of his dogs, and doing things outside on his three acres of property.   (Tr. 64-65). Plaintiff stated he is able to take out the trash, drives to get the mail, occasionally uses a vacuum cleaner, and does his own laundry.   (Tr. 67-69).   *See Castel v. Comm'r of Soc. Security*, 355 F. App'x 260, 265 (11th Cir. 2009) (holding that substantial evidence supported the ALJ's determination that claimant's subjective complaints lacked credibility because, among other things, she lived alone, cooked, and did her own laundry).

Upon due consideration, the Court finds that the ALJ's RFC determination and decision is supported by and consistent with substantial evidence of record.

## IV.  RECOMMENDATION

For the reasons stated above, the Court finds that the ALJ's decision is supported by substantial evidence.   It is therefore respectfully **RECOMMENDED** that the ALJ'S decision be **AFFIRMED**.

**DONE AND ENTERED** in Ocala, Florida, on February 3, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge
All Counsel